UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**HOLCIM (US) INC.,**
a Maryland foreign corporation,

       Plaintiff,

v.

**ROBERT J. INNIS,**
an individual,

       Defendant.
_____/

Case No. _____

Hon. _____

## COMPLAINT

NOW COMES Plaintiff, HOLCIM (US) INC. ("Plaintiff" or "Holcim"), by and through its attorneys, Butzel Long, P.C., for its Complaint against Defendant, ROBERT J. INNIS ("Defendant" or "Innis"), and states as follows:

## PARTIES

1. Plaintiff Holcim is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Chicago, Illinois.

2. Upon information and belief, Defendant Innis is an individual residing in Wayne County, Michigan.

1

000160097\0010\2131388

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court under 28 USC § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and Plaintiff and Defendant are citizens of different states.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(1), § 1391(b)(1), and § 1391(c)(1), as Defendant is subject to the personal jurisdiction of this Court and is domiciled in Wayne County, Michigan.

## FACTUAL BACKGROUND

5. On or about May 3, 2019, Defendant was hired by Holcim to work as a Plant Manager in its Sparrows Point Plant in Sparrows Point, Maryland, effective May 13, 2019. (**Exhibit A**, Signed Offer of Employment Letter.)

6. On or about May 10, 2019, Defendant signed the Offer of Employment Letter indicating his acceptance of the Sparrows Point Plant Manager position. *Id.*

7. At the time of his acceptance of the Plant Manager position at Holcim's Sparrows Point Plant, Defendant was residing in Michigan.

8. Also at the time of his acceptance of the Plant Manager position at Holcim's Sparrows Point Plant, Defendant was offered and accepted a company-coordinated relocation package from Holcim.

9. Holcim's company-coordinated relocation package for Defendant included, *inter alia*, a housing allowance, movement of household goods, temporary

living, closing costs related to the sale of Defendant's home in Michigan, and closing costs related to the purchase of a new home by Defendant in the Baltimore, Maryland area.

10. The course of dealing in which Holcim and Defendant engaged did not constitute or result in a contractual agreement.

11. Defendant, however, was on notice at the time of his acceptance that Holcim had an expectation Defendant would physically relocate to the Baltimore, Maryland, area.

12. In or around August 2019, Defendant even contacted his local representative of Holcim's Human Resource team, as well as Holcim's Human Resource Director, seeking available assistance or alternative options for earlier receipt of the full available relocation benefits due to personal events that had caused the originally accepted benefits to no longer meet Defendant's needs.

13. On or about September 20, 2019, in response to Defendant's request for alternative options, Holcim provided Defendant with a lump sum, cash payment in the amount of $165,000.00, for the purpose of providing Defendant his requested flexibility in concluding his relocation.

14. As agreed upon between the Parties at that time, upon receipt of this substantial lump sum payment, Holcim would no longer continue to administer Defendant's relocation, and Defendant would accept complete responsibility for

researching, planning, coordination, procurement, and carrying out of the relocation of Defendant's household, including his family, goods, and residence.

15. Defendant never relocated his residence to Maryland.

16. Holcim nonetheless conferred the benefit of $165,000.00 in relocation costs on Defendant without receiving any benefit in return.

17. On or about August 10, 2020, Defendant was informed by Holcim that he would be required to repay the relocation costs if he did not relocate his residence to Maryland.

18. On or about September 2, 2020, Defendant posed questions to Holcim about how various relocation scenarios would impact his repayment obligations.

19. On or about October 22, 2020, Holcim provided Defendant a spreadsheet containing repayment obligations based on relocation scenarios, as requested by Defendant.

20. Defendant responded by indicating he would consider these options.

21. On or about November 2, 2020, Defendant posed additional questions to Holcim about how transfer to another position in a different city (which had not been offered) might impact his repayment obligation.

22. At the same time, Defendant pleaded with Holcim for additional time to discuss his options with his wife, which Holcim permitted.

23. On or about November 18, 2020, Defendant represented to Holcim that

he intended to put his house up for sale and move his family to Maryland but wanted to wait until after the holidays.

24.     On or about January 4, 2021, Defendant notified his immediate supervisor that he would be resigning from Holcim, with his last day being January 15, 2021.

25.     At this time, Defendant's immediate supervisor reminded Defendant again that he would have to repay his relocation expenses, and Defendant replied that he was "willing to deal with" it.

26.     On or about January 15, 2021, Defendant's employment with Holcim was voluntarily terminated.

27.     As of the date of his resignation, Defendant still had neither sold his Michigan home, nor purchased a Maryland residence.

28.     On or about January 18, 2021, Holcim's Human Resources Director sent Defendant a notice of restitution owed to Holcim in the total amount of $129,113.00, including a breakdown of Defendant's restitution obligation and taking into account the diminishment of the repayment obligation over time, pursuant to Holcim's relocation program policy.

## COUNT I
## UNJUST ENRICHMENT

29.     Holcim incorporates all previous paragraphs as if set forth fully herein.

30.     Defendant agreed to serve as Holcim's Plant Manager in its Sparrows

Point Plant in Sparrows Point, Maryland, effective May 13.

31. In connection with his acceptance of the Plant Manager position at Holcim's Sparrows Point Plant, Defendant received a company-coordinated relocation package from Holcim, conditioned on Defendant's physical relocation of his residence to the Baltimore, Maryland area.

32. Holcim performed its duties and obligations outlined within the relocation package and Relocation Policy, conferring upon Defendant a financial benefit that Defendant gained and enjoyed.

33. Holcim did so based on the Parties' agreement that, in connection with accepting the position as Holcim's Plant Manager in its Sparrows Point Plant in Sparrows Point, Maryland, Defendant would relocate his residence to Maryland.

34. Holcim further agreed, upon Defendant's request, to payment of Defendant's relocation expenses in a lump sum, cash payment in the amount of $165,000.00, for the purpose of providing Defendant his requested flexibility in concluding his relocation.

35. Defendant never relocated his residence to Maryland and has, instead, retained residence in Michigan for the entirety of his employment with Holcim.

36. Defendant voluntarily terminated his employment with Holcim, effective January 15, 2021.

37. The benefit that Holcim conferred on Defendant has unjustly enriched

Defendant in the amount of $165,000.00, without conferring any benefit on Plaintiff, such that Defendant acts wrongfully in retaining that benefit.

38. Holcim has been damaged in the same amount.

39. Holcim did not intend that Defendant retain the benefit of this payment of relocation expenses without relocating his residence, and Plaintiff has otherwise acted equitably in this matter, such that Defendant must disgorge that benefit to Holcim.

WHEREFORE, Holcim requests that the Court enter judgment in its favor and against Defendant for $165,000.00, plus costs, interest and attorneys fees as allowed by law, in addition to any other relief that this Court deems just and reasonable.

## COUNT II
## PROMISSORY ESTOPPEL

40. Holcim incorporates all previous paragraphs as if set forth fully herein.

41. On or about May 10, 2019, Defendant signed the Offer of Employment Letter indicating his acceptance of the Sparrows Point Plant Manager position, and in doing so promised to relocate to the Baltimore, Maryland area.

42. In or around August 2019, Defendant contacted his local representative of Holcim's Human Resource team, as well as Holcim's Human Resource Director, seeking available assistance or alternative options for earlier receipt of the full available relocation benefits due to personal events that had caused the originally accepted benefits to no longer meet Defendant's needs.

43. On or about September 20, 2019, Defendant again promised that in exchange for Holcim providing Defendant with a lump sum, cash payment for relocation expenses in the amount of $165,000.00, Defendant would relocate his residence to the Baltimore, Maryland area.

44. Defendant made a clear and definite promise to Holcim that by requesting and accepting any relocation expense payments from Holcim, he would relocate his residence to the Maryland.

45. Defendant's promise was clear, definite, and unequivocal and was specifically made to induce Holcim to render the lump sum relocation expense payment for Defendant's benefit.

46. In reliance on the promise, and to its substantial detriment, Holcim performed all that was expected in providing Defendant a lump sum, cash payment for relocation expenses in the amount of $165,000.00.

47. Holcim faithfully rendered this payment to Defendant in exchange for ultimately no residential relocation by Defendant whatsoever.

48. At the time of making the promise and inducing the action on Holcim's part, Defendant could reasonably foresee that his failure to perform pursuant to the promise would cause the damages Holcim has suffered.

49. As a direct and proximate result of Defendant's failure to perform his promise, Holcim has suffered damages in the amount of $165,000.00.

50. Despite repeated requests and demands, Defendant refuses to repay Holcim for the relocation expenses which it paid to Defendant or on Defendant's behalf.

51. Because Defendant has voluntarily terminated his employment with Holcim, injustice can only be avoided if this court enters a judgment compelling damages.

WHEREFORE, Holcim requests that the Court enter judgment in its favor and against Defendant for $165,000.00, plus costs, interest and attorney's fees as allowed by law, in addition to any other relief that this Court deems just and reasonable.

## **REQUEST FOR RELIEF**

As a result of all of the foregoing facts and legal claims, Holcim requests that the Court issue an award in its favor and against Defendant as follows:

(1) $165,000.00, plus accruing interest and other fees and costs;

(2) reasonable attorney's fees; and

(3) any other relief that this Court deems appropriate under the circumstances, including, but not limited to, awarding damages, interest, fees, and costs as permitted under applicable law.

Respectfully submitted,

**BUTZEL LONG, P.C.**

Dated:  April 2, 2021   By:   */s/ Hannah E. Treppa*
Terrence J. Miglio (P30541)
Barbara E. Buchanan (P55084)
Hannah E. Treppa (P80978)
BUTZEL LONG
41000 Woodward, Stoneridge West
Bloomfield Hills, MI  48304
(248) 258-1616 / Fax: (248) 258-1439
miglio@butzel.com
buchanan@butzel.com
treppa@butzel.com
*Attorneys for Defendant*